GREEVES & ROETHLER, PLC
BY: Scott L. Greeves, SBA #015761
2151 E. Broadway Road, Suite 115
Tempe, Arizona  85282
Phone (480) 422-1850  Fax (480) 696-5522
E-mail: scott@grattorneys.com

Attorney for Debtor(s)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| SHANNON LEIGH RACHAL | ) | Case No. 2:18-bk-15716-BKM |
| | ) | |
| | ) | CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES |
| | ) | X   Original |
| | ) | ☐   First, Second Amended |
| Debtor(s). | ) | ☐   First, Second Modified |
| | ) | ☐   Plan payments include post-petition mortgage payments |
| | ) | X   Flat Fee/Administrative Expense |
| | ) | ☐   Hourly Fee/Administrative Expense |

This Plan[1] includes the following (check all that are applicable):
    X A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
    ☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
    X Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

---

1   "Plan" includes the original plan and any amended or modified plan.

This Chapter 13 Plan is proposed by the above Debtor.[2] The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.

This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under Code § 1328.[3] If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable nonbankruptcy law.

Pre-petition defaults will be cured using the interest rate set forth in the Plan or Code § 511, if applicable. Any ongoing obligation will be paid according to the terms of the Plan.

☐ This is an Amended or Modified Plan.

The reason(s) Debtor filed this Amended or Modified Plan: N/A.

Summarize how the Plan varies from the last Plan filed: N/A.

**(A)  PLAN PAYMENTS AND PROPERTY TO BE SUBMITTED TO THE PLAN.**

**Plan payments start on JANUARY 29, 2019.  The Debtor shall pay the Trustee as follows:**

**$415.00 each month for month 01 through month 60.**

**Total plan yield will be $24,900.00**

**The proposed plan duration is 60 months.  The applicable commitment period is 60 months.** See Code Section 1325(b)(4). In addition to the plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee: NONE

X  Nonstandard Provisions. See Section (H).

---

2  If this is a joint case, then "Debtor" means both Debtors.
3  "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq*.

**(B) TRUSTEE'S PERCENTAGE FEE.**

The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%. See 28 U.S.C. § 586(e).

**(C) ADMINISTRATIVE EXPENSES AND ALL CLAIMS.**

    (1) **Adequate Protection and Mortgage Conduit Payments.**

        Until the Court confirms the Plan, the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be *pro rata* within classes and made in the following order:

        (a) **Adequate protection payments to creditors secured by personal property. Code § 1326(a)(1)(C).**

            ☐ None. If "None" is checked, the rest of Section (C)(1)(a) is not to be completed.

            Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, unless the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

////

////

**ADEQUATE PROTECTION:**

**Creditor: Progressive Leasing**
**Property Description: Guardian Leather/Fabric/Wood Leather/Wood, Mega UMD 50571PBR-Power Cuddler Recliner Abilene Tobacco**
**Collateral Value: $200.00**
**Monthly A.P. Amount: $20.00**

**Creditor: First Investors Financial Services (Claim #2)**
**Property Description: 2016 Kia Soul Wagon 4D**
**Collateral Value: $11,163.00**
**Monthly A.P. Amount: $112.00**

**TOTAL ADEQUATE PROTECTION PER MONTH $132.00**

X  Nonstandard Provisions. See Section (H).

(b) **Mortgage Conduit Payments.**

X  None.

(2) **Administrative expenses.  See Code § 507(a)(2).**

(a) **Attorney fees.**

Debtor's attorney has agreed to:

X  **A flat fee of $4,500.00, of which $0.00 (zero) was paid before the filing of the case (see Local Rule 2084-3);**

OR

☐ File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order, is $_____, of which $_____ was paid before the filing of the case.

(b) **Additional Services.**

All other additional services will be billed at the rate of $350.00 per hour for attorney time and $195.00 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time

expended in the case in the separate fee application.

(c) **Other Professional Expenses.** NONE

(3) **Leases and Unexpired Executory Contracts.**

☐ None. If "None" is checked, the rest of Section (C)(3) is not to be completed.

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

(a) **Assumed.**

No interest will be paid on the pre-petition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

**Creditor: YF Partners North Mountain LLC
Property Description: Debtor's Residence
Est. Arrearage Amt.: $0.00 (zero)
Arrearage Through Date: N/A**

**Creditor: Verizon
Property Description: IPad Pro
Est. Arrearage Amt.: $0.00 (zero)
Arrearage Through Date: N/A**

X  Nonstandard Provisions. See Section (H).

(b) **Rejected.**

**Creditor: LeaseItKeepIt
Property Description: Cell phone, screen protector, case, and car holder**

☐ Nonstandard Provisions. See Section (H).

(4) **Creditors with a Security Interest in Real Property.**

    X None. If "None" is checked, the rest of Section (C)(4) is not to be completed.

(5) **Claims Secured by Personal Property or a Combination of Real and Personal Property.**

    ☐ None. If "None" is checked, the rest of Section (C)(5) is not to be completed.

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and *pro rata*.

(a) **Unmodified Secured Claims.**

    X None. If "None" is checked, the rest of Section (C)(5)(a) is not to be completed.

(b) **Modified Secured Claims.**

    ☐ None. If "None" is checked, the rest of Section (C)(5)(b) is not to be completed.

Secured creditors listed below shall be paid the amount shown below as the Amount to be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

////

////

        **Creditor: Progressive Leasing**
        **Property Description: Guardian Leather/Fabric/Wood**
                **Leather/Wood, Mega UMD**
                **50571PBR-Power Cuddler Recliner**
                **Abilene Tobacco**
        **Debt Amount: $1,055.28**
        **Value of Collateral: $200.00**
        **Valuation Method: Debtor's best estimate**
        **Estimated Amt. to be Paid on Secured Claim: $200.00**
        **Proposed Interest Rate: 6.0%**

        **Creditor: First Investors Financial Services**
        **Property Description: 2016 Kia Soul Wagon 4D**
        **Debt Amount: $21,383.17**
        **Value of Collateral: $11,163.00**
        **Valuation Method: Kelly Bluebook private party value**
        **Amount to be Paid on Secured Claim: $11,163.00**
        **Proposed Interest Rate: 6.0%**

        ☐ Nonstandard Provisions. <u>See</u> Section (H).

(c)    **Lien Avoidance.**
      X None. If "None" is checked, the rest of Section (C)(5)(c) need
          not be completed.

(6)    **<u>Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.</u>**

   ☐ None. If "None" is checked, the rest of Section (C)(6) is not to be
      completed.

All allowed claims entitled to priority treatment under Code § 507 shall be paid in full, *pro rata*.

(a)    **Unsecured Domestic Support Obligations.**  NONE.

(b)    **Other unsecured priority claims.**

       **Creditor: Internal Revenue Service**
       **Type of Priority Debt: 2014-2017 Individual Income Tax**
       **Estimated Amount: $2,000.00**

       **Creditor: Arizona Dep't of Revenue**
       **Type of Priority Debt: 2016-2017 Individual Income Tax**
       **Estimated Amount: $2,412.00**

   ☐ Nonstandard Provisions. <u>See</u> Section (H).

(7) **Nonpriority, Unsecured Claims.**

Allowed unsecured, nonpriority claims shall be paid *pro rata* the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

X Nonstandard Provisions. See Section (H).

**(D) SURRENDERED PROPERTY.**

☐ None. If "None" is checked, the rest of Section (D) is not to be completed.

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive no distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Creditor | Property Description |
|---|---|
| **LeaseItKeepIt** | **Cell phone, screen protector, case, and car holder** |

**(E) VESTING.**

Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

X The following property shall vest in the Debtor upon Plan completion:

Description of Property
**All wages of the Debtor(s) until the case is completed or dismissed and proceeds from the sale of real property until released to the Debtor by the written approval of the Trustee or by Court Order.**

**(F) TAX RETURNS.**

While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: **ALL TAX RETURNS FILED**

**(G) FUNDING SHORTFALL.**

Debtor will cure any funding shortfall before the Plan is deemed completed.

---

**(H) NONSTANDARD PROVISIONS.**

Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. Any Nonstandard Provision placed elsewhere in this Plan is void. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

☐ None. If "None" is checked, the rest of Section (H) is not to be completed.

☐ Provide the detail required above.

Nonstandard Provisions

[State the provision(s) with reference to relevant paragraph(s)]

**(A) Plan Payments and Property to be Submitted to the Plan.**

If at any time before the end of the sixty (60) month period all claims are paid, the plan shall terminate and the debtor shall be discharged, provided that the duration of the plan shall not be reduced to less than 36 months. If additional property, such as tax refunds or proceeds from the sale of Debtors' property, is submitted to the Trustee, it shall be treated as supplemental payment.

DEBTOR MAY MAKE THE MONTHLY PLAN PAYMENTS BY CASHIER'S CHECK OR MONEY ORDER PAYABLE TO THE CHAPTER 13 TRUSTEE OR BY PAYROLL DEDUCTION. DEBTOR MUST WRITE THEIR NAME AND CHAPTER 13 CASE NUMBER ON EACH CHECK OR MONEY ORDER. PAYMENTS ARE ALSO ACCEPTED THROUGH WWW.TFSBILLPAY.COM

**(C)(1)(a) Adequate protection payments.**

Adequate protection payments shall be duly allowed as a lien and payable to the secured creditor in the event of dismissal or conversion of the case, after payment of Trustee's fees and costs, simultaneously with administrative expenses and attorney's fees. Adequate protection payments shall continue until such time as regular payments under the plan commence or until the secured creditor has been fully paid, whichever comes first.

**(C)(3)(a)   Leases and Unexpired Executory Contracts.**

The Verizon lease of personal property is included as part of the debtor's cell phone contract, and as such, will continue to be paid by the debtor outside the plan.

**(C)(7)   Unsecured Nonpriority Claims.**

Unsecured claims shall be paid the balance of payments under the plan, *pro rata*.  Said amount may be increased and or decreased from the amount stated in the Plan should the secured and/or priority liabilities and/or attorney fees differ from that estimated.  Any amounts unpaid shall be discharged.

---

**(I)   PLAN SUMMARY.**

If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

(1) Trustee's compensation (10% of plan payments) . . . . . . . . . . . $2,490
(2) Administrative expenses (C2) (estimated) . . . . . . . . . . . . . . . $4,500
(3) Leases and Executory Contracts (C3) . . . . . . . . . . . . . . . . . . N/A
(4)(a) Conduit Mortgage Payments (C4c) . . . . . . . . . . . . . . . . . . N/A
(4)(b) Arrearage Claims Secured Solely by Real Property (C4c) . . . .  N/A
(5)(a) Claims Secured by Personal Property or Combination of
         Real & Personal Property (C5) – Unmodified . . . . . . . . . . . . N/A
(5)(b) Claims Secured by Personal Property or Combination of
         Real & Personal Property (C5) - Modified . . . . . . . . . . . . . . . $13,395.60
(6) Priority Unsecured Claims (C6) . . . . . . . . . . . . . . . . . . . . . . . $4,412
(7) Unsecured Nonpriority Claims (C7) . . . . . . . . . . . . . . . . . . . . $102.40
(8) Total of Plan Payments to Trustee . . . . . . . . . . . . . . . . . . . . . $24,900

**(J)   SECTION 1325 ANALYSIS.**

(1)   Best Interest of Creditors Test:

   (a)  Value of Debtor's interest in nonexempt property . . . . . . $0.00
   (b)  Plus: Value of property recoverable under
               avoidance powers . . . . . . . . . . . . . . . . . . . . . . . . N/A
   (c)  Less: Estimated Chapter 7 administrative expenses . . . . . $0.00
   (d)  Less: Amount to unsecured priority creditors . . . . . . . . . $4,412
   (e)  **Equals**: Estimated amount payable to unsecured
               nonpriority claims if Debtor filed Chapter 7 . . . . . . . . . $0.00

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

    (2)    Section 1325(b) Analysis:

        (a) Monthly disposable income under § 1325(b)(2),
Form 122C-2, line 45 Statement of Current Monthly Income . . <$78.24>
        (b) Applicable commitment period . . . . . . . . . . . . . . . . . . . x 60
        (c) Total of Line (2)(a) amount x 60 . . . . . . . . . . . . . . . . . . $0.00

    (3) Estimated Payment to Unsecured, Nonpriority Creditors
Under the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $102.40

Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).

_/s/ Shannon L Rachal_          Dated: January 14, 2019.
SHANNON RACHAL, Debtor


GREEVES & ROETHLER, PLC

/s/ Scott L. Greeves, SBA #015761
_____
Attorney for Debtor(s)